UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES WALTERS, | ) |
|       Plaintiff, | ) |
| v. | ) No. 1:21-cv-02831-JRS-MJD |
| PROFESSIONAL LABOR GROUP, LLC, | ) |
|       Defendant. | ) |

**ORDER ON MOTION TO QUASH**

This matter is before the Court on Defendant's Verified Motion to Quash, [Dkt. 99]. The motion seeks to quash a deposition subpoena issued to Vincent Norwillo, who represents Defendant in this matter. The subpoena was issued because Defendant, through its Rule 30(b)(6) witness, Ryan Ellis, appeared to assert an advice of counsel defense. In the motion to quash, Norwillo avers that he did not provide Defendant any relevant advice prior to the filing of this case.

That would seem to end the matter. However, at a hearing on the motion, Norwillo provided additional information that explained the apparent disconnect between the verified motion and Ellis's testimony. Specifically, Norwillo stated at the hearing that Ellis previously worked for another company, identified in Ellis's deposition as Tradesman International, *see* [Dkt. 106 at 3], which was represented by Norwillo at that time. The advice of counsel Defendant wishes to rely on for its defense in this case is advice that Norwillo gave to Tradesman International over fourteen years ago that Ellis was privy to as a manager of

Tradesman International.[1]  The attorney-client privilege with regard to that advice belongs to Tradesman International, *see Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 618 (7th Cir. 2010).  "[T]he power to waive the corporate attorney-client privilege rests with the corporation's management and is normally exercised by its officers and directors."  *Commodity Futures Trading Com'n v. Weintraub*, 471 U.S. 343, 348 (1985).  "[T]he power to assert or waive a corporation's attorney-client privilege is an incident of control of the corporation."  *Central States, Southeast and Southwest Areas Pension Fund v. Nat'l Lumber Co.*, 2012 WL 2863478, at *3 (N.D. Ill. 2012).

Norwillo expressly represented at the hearing that Tradesman International did not waive that privilege.  That leaves Norwillo's current client in a conundrum.  Defendant cannot assert an advice of counsel defense if it cannot provide evidence of what that advice was; "to quote the overused admonition: 'the attorney-client privilege cannot at once be used as a shield and a sword.'"  *Rossman v. EN Eng'g, LLC*, No. 19 C 5768, 2020 WL 5979554, at *2 (N.D. Ill. Oct. 8, 2020) (quoting *Willy v. Administrative Review Bd.*, 423 F.3d 483, 497 (5th Cir. 2005), and citing *Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003)).  But Ellis may not testify about privileged information—the legal advice provided to his former employer—because the privilege is not his to waive.  Further, it would be fundamentally unfair if Plaintiff was not able to conduct discovery regarding the advice of counsel defense, including deposing Norwillo.

Norwillo, obviously, acknowledges that he may not ethically testify about that advice unless Tradesman International waives the privilege, which it has not done.  Accordingly, the

---

[1] The Court assumes for purposes of this ruling—but is by no means convinced—that advice given to another entity over a decade earlier can be the basis for Defendant's advice of counsel defense.

motion to quash is **GRANTED IN PART** and **DENIED IN PART**.  The deposition OF Norwillo on the advice of counsel defense may not proceed unless and until Tradesman International waives the privilege.  Of course, it is possible that Tradesman International could change its position (assuming it has been asked to take a position) and waive the privilege; Defendant is given until **November 16, 2022**, to ascertain whether that is the case.  If Tradesman International does not waive the privilege by that date, Defendant will be **BARRED** from offering testimony or other evidence relating to any advice of counsel provided to Tradesman International.  If Tradesman International does waive the privilege by that date, then Norwillo shall appear for a deposition on or before **December 9, 2022**.

    SO ORDERED.

Dated:  31 OCT 2022

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.