IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **JAMES WALTERS, on behalf of himself and all others similarly situated,** )<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**PROFESSIONAL LABOR GROUP, LLC,** )<br>)<br>Defendant. )<br>) | Case No. 1:21-cv-02831-JRS-MJD<br><br>Judge James R. Sweeney<br><br>Magistrate Judge Mark J. Dinsmore<br><br>January 6, 2023 |

**DEFENDANT PROFESSIONAL LABOR GROUP, LLC's MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**I.    PRELIMINARY STATEMENT**

The issue before the Court is whether employee travel time constitutes compensable hours worked. The material facts are undisputed. The Court must now determine the legal conclusion to be drawn from these uncontested facts. Although courts have addressed the compensability of employee travel time in various contexts, the undisputed facts in this case present an issue of first impression for this Court.

Defendant Professional Labor Group, LLC ("PLG") is a national skilled trades staffing firm. (Black Dep. Tr. 15:2-7; ECF No. 121-1 at 4).[1] From its sole location in Greenwood, Indiana, PLG remotely hires hourly, nonexempt employees in a range of construction and industrial skilled

---

[1] Plaintiffs deposed John Black, PLG's CEO, on November 2, 2022. References to the deposition transcript of John Black cite the specific transcript page and line numbers as (Black Dep. Tr. page:lines, ECF No. xx – y, at p. z), and all cited pages—and at least the three pages immediately preceding and following— are included as Exhibit A, identified in the accompanying Exhibit Appendix as "John Black Dep. Excerpts". References to other deposition transcripts, will follow this same format and all cited pages of these transcripts are included as Exhibits in the accompanying Appendix identified as "[Deponent Name] Dep. Excerpts".

1

trade classifications. (Ellis Dep. Tr. 9:9-14; 11:7-10; and 18:18-20; ECF No. 121-2 at 4, 6, and 13). PLG furnishes these employees to client contractors to perform work within their skilled trade classification on client jobsites located throughout the country. (Black Dep. Tr. 15:2-7; ECF No. 121-1 at 4).

PLG employees, including Plaintiffs, are furnished to PLG client contractors on a project-by-project basis. (Ellis Dep. Tr. 54:4-5; ECF No. 121-2 at 29). PLG employees, including Plaintiffs, are able to decline offered work assignments without consequence. (Black Dep. Tr. 71:18-20; ECF No. 121-1 at 28). They are retained as contingent employees only as long as their services are required as determined by the client contractor. (Black Dep. Tr. 61:6-8; ECF No. 121-1 at 21). When released from a work assignment by a PLG client contractor, Plaintiffs are relieved of all employment obligations and are free to spend their time as they please. (Black Dep. Tr. 18:20-23; ECF No. 121-1 at 7).

PLG employees, including Plaintiffs, travel to client contractor jobsites in their personal vehicles. (Black Dep. Tr. 16:16-20; ECF No. 121-1 at 5). During such travel, Plaintiffs perform no job duties. (Ellis Dep. Tr. 72:1-3; ECF No. 121-2 at 36). With random aberration, the distance between client contractor jobsites and the employee's residence requires an overnight stay away from home. (Black Dep. Tr. 16:9-20; ECF No. 121-1 at 5). PLG pays its employees a mileage reimbursement at the applicable IRS business travel rate. (Ellis Dep. Tr. 14:3-12; ECF No. 121-2 at 9). However, PLG employees, including Plaintiffs, do not receive hourly wage compensation for their time spent traveling to or from these jobsites. (Ellis Dep. Tr. 21:22-23; ECF No. 121-2 at 16).

Plaintiffs' sole cause of action (Count I) alleges their travel time to and from job assignments is compensable hours worked under the Fair Labor Standards Act ("FLSA").

Plaintiffs rely exclusively upon an FLSA Regulation, *29 C.F.R. § 785.39*. This Regulation provides that travel time to work assignments requiring an overnight stay away from home is compensable "when it cuts across the employee's workday" because "[t]he employee is simply substituting travel for other duties." *Id.*

However, 29 C.F.R. § 785.39 does not render Plaintiffs' travel time compensable. 29 C.F.R. § 785.39 applies only to individuals who are "employees" at the time of travel. Plaintiffs were not employees of PLG within the meaning of either the FLSA or the Portal-to-Portal Act when they traveled as they did not commence work until they reported to their designated jobsite. Moreover, even if Plaintiffs had an employment relationship with PLG when they traveled, the travel is non-compensable "home-to-jobsite travel" under the FLSA. *Sec'y of Labor v. Timberline S., LLC*, 925 F.3d 838, 854 (6th Cir. 2019).

Moreover, even if Plaintiffs were considered "employees" before reporting and upon leaving the client jobsite, *29 C.F.R. § 785.39* provides that it applies because "[t]he employee is simply substituting travel for other duties." *Id.* Plaintiffs were not substituting travel for other duties. Travel was their only duty. Plaintiffs did not have any duties with PLG either before they arrived at the client jobsite (Ellis Dep. Tr. 20:1-3; ECF No. 121-2 at 15). or after they completed their assignments. (Black Dep. Tr. 40:21-23; ECF No. 121-1 at 14; Ellis Dep. Tr. 54:4-5; ECF No. 121-2 at 29; Black Dep. Tr. 71:18-20; ECF No. 121-1 at 28; and Black Dep. Tr. 18:20-23; ECF No. 121-1 at 7). The Portal-to-Portal Act does not require PLG to pay Plaintiffs for the time they spent getting to and from their designated jobsites, and this Motion for Summary Judgment must be granted. *Borup v. CJS Sols. Grp., LLC*, No. 18-1647 (PAM/DTS), 2020 U.S. Dist. LEXIS 93303, at *15-19 (D. Minn. May 28, 2020), affirmed *Vallone v. CJS Sol. Grp., LLC*, 9 F.4th 861, 866-67 (8th Cir. 2021)

3

**II      STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

1. Defendant, Professional Labor Support, LLC (PLS) is a national skilled trades staffing firm. (Black Dep. Tr. 15:2-7; ECF No. 121-1 at 4).

2. From its sole location in Greenwood, Indiana, PLG remotely hires hourly, nonexempt employees in a range of construction and industrial skilled trade classifications. (Ellis Dep. Tr. 9:9-14; ECF No. 121-2 at 4). PLS employed Plaintiffs as such hourly / nonexempt, skilled trades employees as part of a nationally mobile contingent skilled workforce. (Ellis Dep. Tr. 18:17-20; ECF No. 121-2 at 13; and Black Dep. Tr. 15:9-16; ECF No. 121-1 at 4).

3. PLG assigned Plaintiffs to contractor clients to perform work within their skilled trade classification on client jobsites located throughout the country on a project-by-project basis. (Ellis Dep. Tr. 54:3-5; ECF No. 121-2 at 29; and ECF No. 1 at ¶ 16).

4. PLG employees, including Plaintiffs, are able to decline offered work assignments without consequence. (Black Dep. Tr. 71:18-20; ECF No. 121-1 at 28). From exercising this discretion, some Plaintiffs experienced extended gaps between work assignments, but still remained eligible for assignments from PLG. (Sanders Dep. Tr. 113:9-14; ECF No. 121-3 at 12).

5. The daily work schedules as well as the days worked, and the duration of each work assignment are determined by the individual client contractors for all PLG employees, including Plaintiffs. (Black Dep. Tr. 40:15-23; ECF No. 121-1 at 14). PLG employees, including Plaintiffs, are retained as contingent employees only as long as their services are required as determined by the client contractor. (Sanders Dep. Tr. 119:9-11; ECF No. 121-3 at 18).

6. When released from a work assignment by a PLG client contractor, Plaintiffs are relieved of all employment obligations and are free to spend their time as they please. (Sanders Dep. Tr. 112:11-15; ECF No. 121-3 at 11).

7. PLG employees, including Plaintiffs, travel to client contractor jobsites in their personal vehicles. (Black Dep. Tr. 16:16-20; ECF No. 121-1 at 5). During such travel, Plaintiffs perform no job duties. (Ellis Dep. Tr. 27:9-15; ECF No. 121-2 at 22).

8. When traveling to, from, or between client contractor jobsite assignments, PLG employees, including Plaintiffs, are not scheduled to be performing any of the principal work activities for which they were hired. (Ellis Dep. Tr. 27:9-17 and 54:4-8; ECF No. 121-2 at 22 and 29). Plaintiffs' only job duties are the principal activities of their individual skilled trade classification performed exclusively on client contractor jobsites. (Ellis Dep. Tr. 20:1-3; ECF No. 121-2 at 15).

9. PLG pays its employees a mileage reimbursement at the applicable IRS business travel rate. (Ellis Dep. Tr. 14:1-4; ECF No. 121-2 at 9). PLG also typically provides its employees, including Plaintiffs, with a flat rate per diem allowance as reimbursement for lodging and other employment related expenses. (Sanders Dep. Tr. 57:3-19; ECF No. 121-3 at 4).

10. Typically, the distance between client contractor jobsites and the employee's residence requires an overnight stay away from home. (Black Dep. Tr. 16:9-20; ECF No. 121-1 at 5).

11. PLG employees, including Plaintiffs, do not receive hourly wage compensation for their time spent traveling to or from client contractor jobsites. (Ellis Dep. Tr. 21:19-23; 23-24:20-2; and 24:20-22; ECF No. 121-2 at 16, 18-19).

**III     LAW AND ARGUMENT**

A. <u>Legal Standard</u>

"[S]ummary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." *Meridian Fin. Advisors, Ltd. v. Pence*, 763 F. Supp. 2d 1046, 1054 (S.D. Ind. 2011) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986)). Motions for summary judgment are governed by Federal Rule of Civil Procedure 56(c). Rule 56(c) provides that "the

judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

The non-moving party bears the burden of proving that a genuine issue of material fact exists which precludes summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986); *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 997 (7th Cir. 1996). A genuine issue of material fact exists only if "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The mere existence of a factual dispute, by itself, is not enough to bar summary judgment. Only factual disputes that might affect the outcome of the suit in light of the substantive law will preclude summary judgment. See *id. at 248*; *JPM Inc. v. John Deere Indus. Equip. Co.*, 94 F.3d 270, 273 (7th Cir. 1996).

If the moving party does not have the ultimate burden of proof on a claim, it is sufficient for the moving party to direct the court to the lack of evidence on an element of that claim. See *Green v. Whiteco Indus., Inc.,* 17 F.3d 199, 201 & n.3 (7th Cir. 1994). "If the non-moving party fails to establish the existence of an element essential to [their] case, one on which [they] would bear the burden of proof at trial, summary judgment must be granted to the moving party." *Ortiz v. John O. Butler Co.,* 94 F.3d 1121, 1124 (7th Cir. 1996).

B. <u>Plaintiffs' Travel Time Is Not Compensable Because Plaintiffs Were Not Employees Under the FLSA While Driving To And from Their Designated Remote Jobsites</u>

Plaintiffs' sole cause of action (Count I) alleges their travel time to and from job assignments is compensable hours worked under the Fair Labor Standards Act ("FLSA"). Plaintiffs rely exclusively upon an FLSA Regulation, *29 C.F.R. § 785.39*. This Regulation

6

provides that travel time to work assignments requiring an overnight stay away from home is compensable "when it cuts across the employee's workday" because "[t]he employee is simply substituting travel for other duties." *Id.* However, as further explained below, Plaintiffs were not employees of PLG when they traveled, rendering 29 C.F.R. § 785.39 inapplicable. Accordingly, this Motion should be granted.

PLG hired Plaintiffs to perform specific skilled trades job duties upon reporting to designated work locations. Once hired, Plaintiffs were engaged by PLG on a per-project basis. There are few cases that address the compensability of travel time under 29 C.F.R. § 785.39 in this factual context. However, in the only reported cases presenting this precise scenario, Courts have uniformly rejected FLSA claims alleging compensable travel time under 29 C.F.R. § 785.39. The reasoned legal analysis in these cases compels the same result in the instant matter.

In Borup v. CJS Sols. Grp., LLC, No. 18-1647 (PAM/DTS), 2020 U.S. Dist. LEXIS 93303 (D. Minn. 2020), the Employer, HCI, was a Florida company that offered training services on medical software to hospitals and clinics. To train personnel on the use of new software, HCI arranged so-called "go live" events that last several weeks. Vallone v. CJS Sol. Grp., LLC, 9 F.4th 861, 863. HCI hired consultants experienced with the software on a per-project basis to work alongside medical personnel and assist with training. Id. When HCI sent an offer letter to a prospective consultant, the company specified the project's location and either arranged for travel or agreed to reimburse for travel expenses. Vallone, 9 F.4th 861, 863-64. As a project progressed, HCI would "cut" unneeded consultants and arrange for their departing travel to a chosen destination. Id. HCI did not pay consultants hired on a per-project basis for time spent traveling. Vallone, 9 F.4th 861, 863-64 (8th Cir. 2021).

The putative class of plaintiffs was composed of employees hired on a per-project basis who were not paid wages for out-of-town travel to and from remote project locations for "go live"

7

assignments requiring an overnight stay. Vallone, 9 F.4th 861, 863 (8th Cir. 2021). The plaintiffs contended that although HCI hired them to train medical personnel on a per-project basis, they were employed not only while conducting training at the designated medical facility, but also while traveling to and from the facility. Vallone, 9 F.4th 861, 866. The district court rejected this contention, concluding that the plaintiffs were employed for one job at a time, and had no duties to HCI when traveling. Id.

In reaching this conclusion, the District Court noted that the FLSA regulations define work time as including "all the time during which an employee is necessarily required to be on the employer's premises, on duty or at a prescribed workplace." 29 C.F.R. § 785.7 (quoting Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 690-91, 66 S. Ct. 1187, 90 L. Ed. 1515 (1946)). As here, before the Borup/Vallone plaintiffs arrived at their designated project work location, they were not required to be at that medical facility, or perform any other duties for HCI. Vallone, 9 F.4th 861, 866. The Court therefore concluded that plaintiffs were not FLSA employees of HCI when they traveled, did not have an employment relationship with HCI until they began working on the project, and granted summary judgment in HCI's favor of plaintiffs' compensable travel time claims under 29 C.F.R. § 785.39.

The District Court also rejected plaintiffs' argument that they became employees when they began traveling because their travel was "for the primary benefit of HCI". Vallone, 9 F.4th 861, 866. In rejecting this argument, the Court noted that during travel, plaintiffs did not train any medical personnel or complete any other work. Likewise, their travel did not "displace any regular employees," and it did not expedite HCI's business. Vallone, 9 F.4th 861, 866 citing Petroski v. H&R Block Enters., LLC, 750 F.3d 976, 981 (8th Cir. 2014). Indeed, the Court reasoned that HCI did not "reap the benefits" of plaintiffs' travel until they began training medical personnel at the

8

Mayo Clinic, so travel did not itself confer an employment relationship. Vallone, 9 F.4th 861, 866-67.

Plaintiffs' arguments that their travel was "integral and indispensable" to their work for HCI, carried their FLSA compensable travel time claim no further. In rejecting this argument, the Court noted that plaintiffs' travel time:

> "was integral to their ability to work for HCI, but was not integral to HCI. In other words, HCI would have been satisfied if all individuals hired for the Mayo Clinic project lived in Rochester and did not need to travel." (emphasis added).

Vallone, 9 F.4th 861, 867.

The Court concluded that given the per-job nature of plaintiffs' employment at HCI, travel time is simply not integral or indispensable, and it is therefore not compensable. Borup, slip op., at p. 16.

The Court specifically rejected the Borup/Vallone plaintiffs' claim that travel time to and from remote project assignments requiring an overnight stay was compensable under 29 C.F.R. § 785.39 because "the application of this regulation . . . depends on the individual being an "employee" at the time of travel." Borup, slip op., at p. 18. Like the Plaintiffs in the instant case, the Borup / Vallone plaintiffs were not employees within the meaning of either the Portal-to-Portal Act or the FSLA while traveling, and their 29 C.F.R. § 785.39 claims were summarily dismissed.

Finally, and dispositive on the merits in this case, the Borup Court ruled that even if Plaintiffs were considered "employees" before reporting for work, 29 C.F.R. § 785.39, does not mandate that they be paid for the time they spent getting to their designated work location. The regulation provides that it applies because "[t]he employee is simply substituting travel for other duties." Id. However, as here, the plaintiffs "were not substituting travel for other duties. Travel was their only duty." Borup, slip op., at p. 18. Similarly, the Plaintiffs in this case did not have any duties with PLG either before they arrived at the client jobsite or after they completed their

9

assignments. The Portal-to-Portal Act does not require PLG to pay Plaintiffs for the time they spent getting to and from their designated work locations, and this Motion for Summary Judgment must be granted. Borup v. CJS Sols. Grp., LLC, No. 18-1647 (PAM/DTS), 2020 U.S. Dist. LEXIS 93303, at *15-19 (D. Minn. May 28, 2020), affirmed Vallone v. CJS Sol. Grp., LLC, 9 F.4th 861, 866-67 (8th Cir. 2021).

DATED: January 6, 2023

_____
John J. Morse
Morse & Bickel, P.C.
1411 Roosevelt Avenue, Suite 102
Indianapolis, IN 46201
Tel. 317.686.1540
Fax 317.630.2790
Morse@MorseBickel.com
*Attorney for Defendant*
*Professional Labor Group, LLC*

Respectfully submitted,

_____
Vincent T. Norwillo, Esq. (OH 0047331)
*Pro Hac Vice*
The Law Office of Vincent T. Norwillo, LLC
1309 Ridge Road, Suite 1
Hinckley, Ohio 44233
Tel. 330.278.1136
vincent.norwillo@norwillolaw.com
*Attorney for Defendant*
*Professional Labor Group, LLC*

## CERTIFICATE OF SERVICE

       I hereby certify that on this 6th day of January 2023, a copy of the foregoing Defendant's Motion for Summary Judgment was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, including the following:

Shannon M. Draher, Esq.
Hans A. Nilges, Esq.
7034 Braucher Street, NW, Suite B
North Canton, OH 44720
Attorneys for Plaintiff


/s/ John J. Morse
John J. Morse
Attorney for Defendant
Professional Labor Group, LLC


/s/ Vincent T. Norwillo
Vincent T. Norwillo, Esq. (OH 0047331)
Pro Hac Vice
Attorney for Defendant
Professional Labor Group, LLC