IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **JAMES WALTERS, on behalf of himself and all others similarly situated,** ) ) ) | Case No. 1:21-cv-02831-JRS-MJD |
| Plaintiff, ) ) | Judge James R. Sweeney |
| vs. ) ) | Magistrate Judge Mark J. Dinsmore |
| **PROFESSIONAL LABOR GROUP, LLC,** ) ) ) ) | **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR ORAL ARGUMENT** |
| Defendant. ) ) | |

PLG has requested that this Court set oral argument on PLG's Motion for Summary Judgment. According to this Court's Practices and Procedures, "[o]ral argument on civil motions will only be granted in exceptional circumstances." Rule II, G. There are no exceptional circumstances present in this case.

The scope and application of 29 CFR §785.39 is not a novel issue. For decades, Section 785.39 has required that employers pay employees for time spent traveling to overnight jobs when the travel occurs during normal working hours. The Department of Labor and various courts have confirmed that is the law for decades. Thus, contrary to PLG's position, this is not a case of first impression.

The Parties were given sufficient opportunity to argue their positions in their briefs. Here, PLG failed to address many of Plaintiff's arguments and evidence in its Reply Brief. Instead, PLG recycled arguments from its opening brief and supplemented those with non-responsive new arguments and evidence raised for the first time on reply.

Perhaps understanding this, PLG seeks the extraordinary procedure of an oral argument. Why PLG failed to use the standard procedure of a written reply to respond to Plaintiff's

arguments is not known. The simple answer for this failure is it cannot respond to Plaintiff's arguments and evidence. But even if PLG has remaining hidden and unimaginable arguments that it is holding back in hopes to surprise everybody with at oral argument, it is not appropriate for PLG to be permitted that opportunity.

    Plaintiff does not object to oral argument if the Court believes that it would be helpful, but Plaintiff does not believe that it is necessary. The Parties have been provided the opportunity to fully articulate their relative positions. Plaintiff believes that, for his part, he has done so. Accordingly, Plaintiff opposes PLG's request for oral argument.

    Respectfully Submitted,

**NILGES DRAHER LLC**

/s/ *Shannon M. Draher*
Shannon M. Draher (0074304)
Hans A. Nilges (0076017)
7034 Braucher St NW, Suite B
North Canton, OH 44720
Telephone:   (330) 470-4428
Facsimile:   (330) 754-1430
Email:   sdraher@ohlaborlaw.com
          hnilges@ohlaborlaw.com

*Counsel for Representative Plaintiff and Opt-in Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2023, the foregoing was filed electronically with the Court. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Shannon M. Draher*

*Counsel for Representative Plaintiff and Opt-in Plaintiffs*