UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES WALTERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-02831-JRS-MJD |
| | ) | |
| PROFESSIONAL LABOR GROUP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**Order on Motion for Summary Judgment and Motion for Oral Argument**

This is a Fair Labor Standards Act ("FLSA") wage-and-hour case.  The only question is whether certain travel time is compensable "worktime" under the FLSA. Professional Labor Group, LLC, ("PLG") hires skilled tradespeople and contracts with clients to provide those skilled tradespeople for work on clients' construction and industrial projects.  Both the workers and the clients are distributed across the country, so most workers travel away from home to stay for days or weeks at the client jobsite.  PLG does not pay workers for their time travelling between their homes and the various client jobsites to which they have been assigned.  Walters is a skilled tradesman working for PLG, who claims, on behalf of himself and a conditionally certified collective, that his travel time is compensable worktime, and that PLG owes him wages and overtime accordingly.

Now before the Court is PLG's Motion for Summary Judgment, (ECF No. 121), and Motion to Set Oral Argument, (ECF No. 129).

## I.    Motion to Set Oral Argument

The Court's Practices and Procedures provide that "[o]ral argument on civil motions will be granted only in exceptional cases,"  Practices and Procedures II.G, and the Court retains "sole discretion" to grant or deny a request for oral argument, S.D. Ind. Local Rule 7-5(d)(1).  PLG argues in its Motion to Set Oral Argument, (ECF No. 129), that "allowing oral argument would assist the Court . . . and provide the Court with a complete understanding of the facts."  (*Id.* at 2.)  Yet PLG concedes in the same sentence that "the facts of this matter are straightforward." (*Id.*)  The Court does not regard this as an exceptional case.  PLG's Motion to Set Oral Argument, (ECF No. 129), is **denied.**

## II.    Motion for Summary Judgment

### A.  Legal Standard

The legal standard on summary judgment is well established:

> Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Skiba* [*v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018)] (quoting *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 [] (1986)). A theory "too divorced from the factual record" does not create a genuine issue of material fact. *Id.* at 721. "Although we construe all facts and make all reasonable inferences in the nonmoving party's favor, the moving party may succeed by showing an absence of evidence to support the non-moving party's claims." *Tyburski v. City of Chicago*, 964 F.3d 590, 597 (7th Cir. 2020).

*Marnocha v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 986 F.3d 711, 718 (7th Cir. 2021).  The Court applies that standard here.

B.  Discussion

This case turns on the application of 29 C.F.R. § 785.39, "Travel away from home community."  That regulation in its entirety provides:

> Travel that keeps an employee away from home overnight is travel away from home. Travel away from home is clearly worktime when it cuts across the employee's workday. The employee is simply substituting travel for other duties. The time is not only hours worked on regular working days during normal working hours but also during the corresponding hours on nonworking days. Thus, if an employee regularly works from 9 a.m. to 5 p.m. from Monday through Friday the travel time during these hours is worktime on Saturday and Sunday as well as on the other days. Regular meal period time is not counted. As an enforcement policy the Divisions will not consider as worktime that time spent in travel away from home outside of regular working hours as a passenger on an airplane, train, boat, bus, or automobile.

29 C.F.R. § 785.39.  As a sister court has observed, while "[t]he section is not a model of clarity, [] the essential idea is clear enough."  *Ricard v. KBK Servs., Inc.*, No. 15-CV-299-JDP, 2016 WL 4691608, at *5 (W.D. Wis. Sept. 7, 2016).  When an employee "is required to travel away from home to a place that requires an overnight stay, and that travel is made during work hours, then it is compensable time."  *Id.*  The facts here are undisputed; the legal conclusions are not.  *Sec'y of Lab., U.S. Dep't of Lab. v. Lauritzen*, 835 F.2d 1529, 1535 (7th Cir. 1987) (application of FLSA to established facts is a question of law for the district court).  PLG hires tradespeople to travel to and between remote jobsites where they stay and work for days or weeks on end.  On its face, then, the travel involved here is exactly the sort of travel deemed compensable "worktime" by 29 C.F.R. § 785.39: it is "travel that keeps an employee away from home overnight," and it in part "cuts across the employee's workday."  Thus it is "clearly worktime."  PLG resists this conclusion with three arguments: (1)

3

that its tradespeople are only "employees" when they are actually working on assignment at a client jobsite; (2) that the travel to remote jobsites is in fact ordinary non-compensable home-to-work travel under 29 C.F.R. § 785.35; and (3) that § 785.39 only applies when employees "substitute[e] travel for other duties," which employees travelling to remote jobsites do not.  (Def.'s Br. Supp. 3, ECF No. 122.)  None of these arguments avails.

### i. Employee Relationship

There is no single definition, test, or set of factors that determines whether a worker is an "employee," *see Hollins v. Regency Corp.*, 144 F. Supp. 3d 990, 994 (N.D. Ill. 2015), *aff'd*, 867 F.3d 830 (7th Cir. 2017) (identifying "circular" and "question-begging" statutory definitions and explaining various Seventh Circuit approaches used over the years), so the inquiry is a pragmatic one that assesses the "totality of circumstances" and the "economic reality," *Vanskike v. Peters*, 974 F.2d 806, 808 (7th Cir. 1992).  Most courts that analyze whether a worker is an "employee" are doing so to distinguish "employees" from contractors.  *See Hollins*, 144 F. Supp. 3d at 994–95.  That is not the case here.  Instead, PLG argues it has no relationship with its tradespeople except when they are on assignment at a client jobsite.  All evidence is to the contrary.  PLG's job listings advertise "full-time travel positions," (ECF No. 123-1 at 5), not individual work assignments; PLG's various onboarding agreements use terms like "employees," (Benefits Agreement, ECF No.123-2), and "employment relationship," (Professional Health & Safety Handbook Acknowledgment, ECF No. 123-23); and PLG offers benefits that accrue over timespans longer than individual

work assignments, (Equipment Agreement, ECF No. 123-22; Holiday Policy, ECF No. 123-3).  PLG's CEO admitted that workers do not "go through the reemployment process" between one job and the next.  (Black Dep. 8, ECF No. 121-1.)  The inescapable conclusion is that tradespeople working for PLG are "employees" for the duration of their relationship with PLG; their status does not switch on and off with their presence on a jobsite.[1]

### ii.  Home-to-Jobsite Travel

Daily commutes are not compensable worktime.  29 C.F.R. § 785.35 ("An employee who travels from home before his regular workday and returns to his home at the end of the workday is engaged in ordinary home to work travel which is a normal incident of employment.").  The travel at issue here is not "ordinary" commuting, because it involves travel to and from distant sites for multi-day work assignments; it is not travel associated with a single "regular workday."  Thus 29 C.F.R. § 785.35 is not applicable.

### iii.  Substituting Duties

The applicable regulation says that when travel away from home takes place during working hours, "[t]he employee is simply substituting travel for other duties."  29 C.F.R. § 785.39.  PLG argues that "substituting duties" is a part of the rule: if at some time an employee's only duty is travel, then the employee is *not* "simply

---

[1] An employer that wanted to go all in could try to characterize each day as a new employment relationship: "How long have you worked here?" "Oh, I'm brand new. Two hours on the job." "But I saw you here yesterday!" "They fired me last night, just like every night.  Good thing they always hire me back in the morning.  Only thing is, I don't know how I'll ever start earning PTO." An amusing thought, but not countenanced by the law.

substituting travel for other duties," so § 785.39 does not apply.  This misreads the regulation in two ways.

First, in context the "substituting" sentence is a rationale for a rule, not a rule itself.  The preceding sentence declares "[t]ravel away from home is clearly worktime when it cuts across the employee's workday."  Why is it "clearly worktime when it cuts across the employee's workday"?  Because during the workday, a travelling "employee is simply substituting travel for other duties"—if the employee were not travelling, he or she would presumably be doing some other job-related task.  That makes sense, and it explains the rule.  Which brings up the second error in PLG's argument: even if the "substituting" sentence is construed as a rule, every employee is perforce "substituting travel for other duties" when that travel occurs during a workday.  Employees work during the workday.  If they are not doing one thing, they are doing something else.  Here, PLG asserts its employees have no other duties while traveling to and from jobsites.  But they do have other duties: working on jobsites. Geography means that PLG employees have to spend some time working on jobsites and some time travelling.  But if there were no need to travel—maybe because all the jobsites were in one spot, or maybe because someone invented a teleporter—PLG could have its employees spend all their time working on jobsites.  And if it could, it would.  (*See* Def.'s Reply 5, ECF No. 127 ("PLG would have been satisfied if all individuals hired for a client remote worksite lived locally and did not need to travel.") (quotations omitted).)

## III.    Conclusion

PLG's Motion to Set Oral Argument, (ECF No. 129), is **denied.**

PLG is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

Here, even without a "genuine dispute as to any material fact," PLG is not "entitled to judgment as a matter of law," because it has not shown that it escapes the application of 29 C.F.R. § 785.39.  Thus PLG's Motion for Summary Judgment, (ECF No. 121), is **denied.**

The Court has no other motions before it and need not consider whether a cross-motion for summary judgment would have been successful on these facts.  (*See* Pl.'s Resp. 18, ECF No. 125 (collecting analogous cases) ("Several [courts] have granted summary judgment for plaintiffs.").)

**SO ORDERED.**

Date: 03/06/2023

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Shannon M. Draher
Nilges Draher LLC
sdraher@ohlaborlaw.com

Christopher Lalak
Lalak LLC
clalak@employmentlawohio.com

John Joseph Morse
Morse & Bickel, P.C.

morse@morsebickel.com

Jeffrey Moyle
Nilges Draher LLC
jmoyle@ohlaborlaw.com

Hans A. Nilges
Nilges Draher LLC
hans@ohlaborlaw.com

Vincent T. Norwillo
The Law Office of Vincent T. Norwillo, LLC
vincent.norwillo@norwillolaw.com