UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JAMES WALTERS, )
)
Plaintiff, )
)
v. ) No. 1:21-cv-02831-JRS-MJD
)
PROFESSIONAL LABOR GROUP, LLC, )
)
Defendant. )

**Order on Motion for Certification of Interlocutory Appeal**

## I.     Introduction

This is a Fair Labor Standards Act ("FLSA") wage-and-hour case.  Professional

Labor Group, LLC, ("PLG") hires skilled tradespeople and contracts with clients to

provide those skilled tradespeople for work on clients' construction and industrial

projects.  The projects and the workers are scattered across the country, so the

workers travel from home to stay for days or weeks at the client jobsite.  Walters, a

skilled tradesman who works for PLG, claims that PLG should count his travel to,

between, and from remote jobsites as compensable "worktime" under the FLSA.

PLG moved for summary judgment, arguing first that its workers were not

"employees" except when actively working on a client jobsite and second that even if

the workers were employees, they were not "substituting travel for other duties"

because they had no duties except work on client jobsites.  The Court rejected both

arguments and denied the motion.  (Order, ECF No. 133.)  Now before the Court is

PLG's Motion for Certification of Interlocutory Appeal, (ECF No. 137), which would

have this Court approve a stay of the case while PLG seeks appellate review of the summary judgment order.

## II.    Legal Standard

The statutory standard for interlocutory appeals, 28 U.S.C. § 1292(b), is discussed in *Ahrenholz v. Board of Trustees of Univ. of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000). As *Ahrenholz* makes clear, there are five requirements—four statutory and one prudential—to certify an interlocutory appeal:

> there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation. There is also a nonstatutory requirement: the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed.

*Ahrenholz*, 219 F.3d at 675.   The order to be certified must satisfy all five requirements.  *Id.* at 676.

## III.    Discussion

PLG seeks certification of the following question:

> Whether employees of a temporary staffing firm employed to work in skilled trade classification assignments at the location of a staffing firm's client, whose workdays begin when they arrive at the client's location, end when they leave the location for the day, and whose daily work schedules vary by location as determined by the client, are entitled to compensation pursuant to 29 C.F.R. § 785.39 for time spent traveling to and from the client's location when the travel is not being substituted for other duties, but performing the accepted work assignment at the designated location requires employees to remain away from home overnight.

(Def.'s Mot. Certify 1–2, ECF No. 137.)   The Court first notes that the proposed question contains legal conclusions.   It apparently concedes that the workers are "employees" of PLG; it characterizes PLG as a "temporary staffing firm"; and it

maintains that "the travel is not being substituted for other duties."  Those are points that the Court was asked to evaluate on PLG's motion for summary judgment.  The Court concluded that the workers were PLG's employees for longer than individual client projects; that PLG was more like a permanent employer than a job board or contract-work clearinghouse; and, to the extent that "substituting duties" amounts to a rule, that the workers were substituting travel for other duties.  PLG's difficulty in framing the question here reveals the basic problem with its motion for interlocutory appeal: this case is not about interpretation of a law but about the application of that law to a set of facts.  Interlocutory appeal is not appropriate, then, because the question is not a question of law and the law, at least, is not contestable.  (Even if it were both, it is not likely to speed up the litigation because trial is set for October 2023.)

A.  Question of Law

Seventh Circuit discussions of the "question of law" element guide this Court's analysis.  As that court has noted, "a challenge to a trial court's application of a legal standard to a set of facts is often described as presenting a 'mixed question of fact and law' or an 'ultimate question of fact.'"  *In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 625 (7th Cir. 2010).  Those labels may not be "helpful," but it is clear that "the main task of an appellate court . . . is not engaged by review of the application of a legal standard to a unique, nonrecurring set of particular facts."  *Id.*  So "the application of a legal standard to factfindings" is not suitable for interlocutory appeal. *Id.*; *id.* at 626 ("[R]outine applications of well-settled legal standards to facts alleged

in a complaint are [not] appropriate for interlocutory appeal."); *see also Dahlstrom v. Sun-Times Media, LLC*, 777 F.3d 937, 941 n.3 (7th Cir. 2015) (explaining that whether particular use of information fit within a statutory exception is "mixed question of law and fact unsuitable for interlocutory review").  The Seventh Circuit prefers to certify "broad legal question[s], not limited to the factual details of the particular case." *Demkovich v. St. Andrew the Apostle Par., Calumet City*, 973 F.3d 718, 721 (7th Cir. 2020), *reh'g en banc granted, opinion vacated on other grounds* (Dec. 9, 2020), *on reh'g en banc*, 3 F.4th 968 (7th Cir. 2021) (citing *Ahrenholz*, 219 F.3d at 677).  "Section 1292(b) was not intended to make denials of summary judgment routinely appealable." *Ahrenholz*, 219 F.3d at 676.

The question of whether Walters and other PLG tradespeople were "employees" of PLG before and after individual assignments is a "mixed question of law and fact," as the Seventh Circuit describes it.  The parties do not contest the rules for determining who is an employee; they contest whether and when, on these facts, these particular people are "employees."  It is therefore not appropriate for interlocutory appeal.

The question of whether Walters was "substituting travel for other duties" is likewise a mixed question of law and fact.  PLG argues that Walters was not substituting duties; Walters argues he was.  The Court held that, insofar as "substituting duties" is a rule to be applied,[1] Walters was substituting travel for other duties.  This dispute, also, is not suitable for interlocutory appeal.

---

[1] PLG could raise a pure question of law by asking: "must an employee show that he is 'substituting travel for other duties' to establish that overnight travel is compensable worktime under 29 C.F.R. § 785.39?" But PLG does not ask that question. This Court, as it happens, answers "no." (Which cuts off the "substituting duties" question at the outset and

### B. Contestable

Something that is not a question of law cannot be a contestable question of law. PLG argues that the questions here presented are contestable because no in-circuit case has applied 29 C.F.R. § 785.39 to a similar fact pattern.  (Def.'s Mot. Certify 4, ECF No. 4.)  And PLG argues that the application of that law to these facts could go either way—PLG cites to an Eighth Circuit case in which software trainers hired for a contract gig in Minnesota were held not to be employees until they arrived at the jobsite and, in the alternative, were held not to be "substituting travel for other duties" when traveling.  *Borup v. CJS Sols. Grp., LLC*, No. CV 18-1647 (PAM/DTS), 2020 WL 2769143, at *5 (D. Minn. May 28, 2020), *aff'd sub nom. Vallone v. CJS Sols. Grp., LLC*, 9 F.4th 861 (8th Cir. 2021).  The Court does not think the mere absence of in-circuit factual analogues makes the case a close one.  The *Borup/Vallone* court was faced with different facts: there, the workers were hired on a per-project basis; here, despite PLG's contentions, the workers became employees before assignments and remained employees for the duration of several projects.  Once it is determined that the workers are "employees," the application of 29 C.F.R. § 785.39 is clear.  And insofar as the *Borup/Vallone* court reasoned about "substituting travel for other duties" in the context of single-job contract employees, the Court rejects that reasoning as it applies to multiple-job, long-term employees of a business like PLG.

---

renders the Court's subsequent discussion *obiter dicta*.)  The sentence relied upon for the purported rule reads "[t]he employee is simply substituting travel for other duties."  29 C.F.R. § 785.39.  "*Is*," not "must be"—the sentence is descriptive rationale, not an additional requirement.  The Court, and apparently the drafters of the regulation, believe that an employee traveling during work hours is *necessarily* substituting travel for other duties, because employees who are not traveling are doing other things for their employers.

As the Court stated in its order on summary judgment, "substituting" is a rationale not a rule; to the extent it is a rule, it is perforce satisfied—employees work during the workday; either they are traveling or they are doing something else.

### C. Speeding Up the Litigation

This case is set for trial in October.  A trial would end the case in this Court and allow for appeal of these issues or any others that may arise.  An interlocutory appeal is likely to take more than six months; it would not speed up the resolution of this case.

### IV.    Conclusion

PLG's Motion for Certification of Interlocutory Appeal, (ECF No. 137), is **denied.**

**SO ORDERED.**

Date: 04/10/2023

_____

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Shannon M. Draher
Nilges Draher LLC
sdraher@ohlaborlaw.com

John Joseph Morse
Morse & Bickel, P.C.
morse@morsebickel.com

Hans A. Nilges
Nilges Draher LLC
hans@ohlaborlaw.com

Vincent T. Norwillo
The Law Office of Vincent T. Norwillo, LLC
vincent.norwillo@norwillolaw.com