UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES WALTERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-02831-JRS-MJD |
| | ) | |
| PROFESSIONAL LABOR GROUP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**Order on Motion for Attorney Fees**

This is the final chapter in a hard-fought Fair Labor Standards Act ("FLSA") wage-and-hour case. After two rounds of summary judgment briefing, an intervening motion for interlocutory appeal, and eve-of-trial factual stipulations, Professional Labor Group ("PLG") is liable for $199,209.81 in actual and liquidated damages to Walters and the collective he represents. (Second Amended Joint Stipulation 3, ECF No. 198.) The Court vacated the trial date and set the issue of attorney fees for briefing, in anticipation of PLG's intended appeal. (Order 1, ECF No. 200.) Now before the Court is Walters' Motion for Attorney Fees and Costs, (ECF No. 202), in which counsel seeks $381,195.50 in attorney fees and $46,132.48 in costs.

Prevailing plaintiffs are entitled to reasonable attorney fees under the FLSA. *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 707 (7th Cir. 2001). The Court is entrusted with wide discretion in determining reasonable fees. *Id.* The usual approach is to calculate a lodestar—reasonable hours expended times a reasonable hourly rate—and then to adjust as necessary. *Id.*

There is no doubt that Walters prevailed. The Court need only determine what fees are "reasonable." Walters' counsel have submitted a robust fee petition, which includes their complete billing entries, (ECF Nos. 202-1 (lead counsel), 202-2 (trial counsel)), and affidavits from two unaffiliated lawyers attesting to the reasonableness of the rates and hours, (ECF Nos. 202-3, 202-4). The senior attorneys billed at rates of $550 and $555 per hour, their associates at $450 and $300 per hour, and their support staff at rates from $100 to $175 per hour. Lead counsel expended more than 450 hours of attorney time and 480 hours of staff time on the case; trial counsel spent another 130 hours on the case. The total fee request is $381,195.50.

Walters' experienced counsel achieved substantially complete success against a tenacious defense and so vindicated the FLSA rights of a 50-plus employee collective. This is hardly a case where reducing the lodestar is warranted. *See Tolentino v. Friedman*, 46 F.3d 645, 652 (7th Cir. 1995) (factors to consider in adjusting lodestar); *Koch v. Jerry W. Bailey Trucking, Inc.*, 51 F.4th 748, 755 (7th Cir. 2022) (fee-shifting provision indicates "Congress intended to encourage lawyers to take these cases"); Maureen Carroll, *Fee-Shifting Statutes and Compensation for Risk*, 95 Ind. L.J. 1021, 1039 (2020) (analyzing how lodestar approach to contingent fee-shifting provisions systematically undercompensate attorneys for litigation risk even without lodestar reductions).

PLG argues that the opposing counsel's hourly rate should be capped at $400 per hour, because they have not introduced evidence that higher rates are reasonable. That argument is not convincing, because, first, Walters' counsel *have* introduced

affidavits from other lawyers averring their rates are reasonable, and, second, Seventh Circuit authority does support rates above $500 per hour in FLSA cases. To take an example ready at hand, the Seventh Circuit upheld a $300 per hour rate in *Small*. 264 F.3d at 708. That was 2001. Cumulative inflation has run to roughly 75% over the intervening 22 years, which would put that rate at around $530 per hour today. CPI Inflation Calculator, U.S. Bureau of Labor Statistics, https://www.bls.gov/data/inflation_calculator.htm.

PLG also argues that opposing counsel's hours are excessive, pointing in particular to Walters' response to PLG's motion for summary judgment and to certain administrative tasks improperly billed at attorney rates. The Court does not think a downward departure is warranted in either instance. Walters' counsel spent 84 hours preparing their response to PLG's motion for summary judgment. That is reasonable given the high stakes of summary judgment in a case like this; the Court will not gainsay the allegedly duplicative revising and finalizing time given the high quality of the resulting brief. Similarly, the Court has reviewed the billing entries for administrative tasks and finds that Walters' counsel effectively delegated non-attorney tasks to support staff.

Lastly, PLG argues that expert witness fees are not chargeable as either attorney fees or costs under the FLSA. That is true. As the Seventh Circuit explained in *Bankston v. State of Ill.*, 60 F.3d 1249, 1257 (7th Cir. 1995), expert witness fees, even if necessary to the case, are not awardable as costs except under statutory fee-shifting provisions that specifically allow them. The FLSA does not. *Id.* (citing 29 U.S.C. §

216(b)); *accord Gortat v. Capala Bros.*, 795 F.3d 292, 297 n.3 (2d Cir. 2015) (noting Circuit Court of Appeals' consensus on the issue).  So the $30,306.25 Walters' counsel seek in expert witness fees is not allowable.

In conclusion, Walters' Motion for Attorney Fees and Costs, (ECF No. 202), is **granted** except as to the expert witness costs, for a total of $381,195.50 in attorney fees and $15,826.23 in costs.  That is all that is left of the case.  A final, appealable judgment shall issue reflecting the Court's summary judgment on liability, (ECF No. 160), the Parties' damages stipulations, (ECF Nos. 188, 198), and the attorney fees and costs awarded herein.

**SO ORDERED.**

Date: 11/9/2023

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Robert E DeRose, II
Barkan Meizlish DeRose Cox, LLP
bderose@barkanmeizlish.com

Shannon M. Draher
Nilges Draher LLC
sdraher@ohlaborlaw.com

John Joseph Morse
Morse & Bickel, P.C.
morse@morsebickel.com

Hans A. Nilges
Nilges Draher LLC
hans@ohlaborlaw.com

Vincent T. Norwillo
The Law Office of Vincent T. Norwillo, LLC
vincent.norwillo@norwillolaw.com